## State vs. George W. Mollicone.

JULY 3, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is an indictment charging that the defendant on May 10, 1961 at Providence in the county of Providence "did break and enter in the nighttime a certain building, to wit, the shop of American Super Market, Inc., a corporation, with intent to commit larceny." The defendant was tried to a court and jury and was found guilty. Thereafter his motion for a new trial was denied and he is now before this court on his bill of exceptions thereto and to denials of his motions to dismiss the indictment and for a directed verdict.

On the morning of May 10, 1961 at about 6:15 o'clock, officer David I. Pinkham of the Providence police department received a radio call about a break at the American Super Market. Accompanied by a patrolman he drove to the rear of the market on Washington street where he found the rear door had been opened by taking the door off its

hinges. He entered and found there was a lot of broken glass where postage stamp machines as well as other machines had been broken into, and an office door had been broken. There was blood on some of the broken glass and about the machines.

While there the two officers heard a crash in the rear of the store on the westerly side. They ran out the rear door through which they had entered and on the street met Ernest A. Dutra who gave them a description of a man whom he had seen leave the market. Dutra went with the officers in their machine and on Battey street saw a man walking through a gas station parking lot. Dutra exclaimed, "There he is." The man was perspiring and out of breath, his hands were cut, and his knuckles skinned. There were a few pieces of glass in his hair and on a shoulder of his coat. This man, the defendant herein, was taken to the station.

Dutra testified that he knew the defendant; that he knew him in school; that on the morning of May 10 he was walking up Washington street and heard a crash of a window being broken; that he saw defendant running across the street; that he recognized him as he passed by; that after he got into the officer's car he saw defendant walking by the gas station; that he wore a leather jacket; and that his hands were cut.

A foreman at the Atlantic Yarn Corporation on Crary street in Providence testified that the time card at the plant where defendant worked showed he started work at 11 o'clock in the evening of May 9 and left the plant at 5:03 o'clock in the morning of May 10.

We shall first consider defendant's second exception which is to the denial of his motion for a directed verdict. The trial justice quite properly stated when defendant moved for a directed verdict at the conclusion of the evidence that such a verdict could be given only when in view of all the credible evidence that had been introduced the

jury could reasonably bring in but one verdict, that of acquittal.

We do not know the exact time when the break occurred. There is evidence that defendant left his place of employment at 5:03 a.m. Some question as to the accuracy of this time has been raised but there is no evidence that it is not accurate. It was stipulated at the trial that on May 10 the sun arose at 5:32 a.m. eastern daylight saving time. Since we have no statute defining nighttime we may turn to a common law definition thereof. In 2 Wharton, Criminal Law and Procedure (Anderson) §431, p. 54, it states: "In the absence of statute, the determination of night is not the setting and rising of the sun. Instead, it is deemed day although the sun has not yet risen or after it has set, if it is sufficiently light to discern a person's face. That is, visibility by daylight determines the existence of day."

In the question before us we are aided by a consideration of the state law in reference to vehicles upon the highway. General laws 1956, §31-24-1, reads:

> "Times when lights required.—Every vehicle upon a highway within this state at any time from a half hour after sunset to a half hour before sunrise and at any other time when there is not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of five hundred (500) feet ahead shall display lighted lamps and illuminating devices as hereinafter respectively required for different classes of vehicles, subject to exceptions with respect to parked vehicles as hereinafter stated."

That section simply means in reference to the problem before us that on May 10 automobile lights on the highway could be turned off at 5:02 a.m. or substantially at the time when the evidence shows defendant left his place of employment.

It appears to be a reasonable assumption, in view of the statute, that defendant when he left his place of employment on the morning of May 10 could be seen on the high-

way at a distance of 500 feet. The indictment charges that he "did break and enter in the nighttime." Having in mind the stipulation as to the time of the rising of the sun and the inference which arises from §31-24-1 as to the ability to see on the highway at the time when defendant left his place of employment, it cannot be said that he could have broken into the store "in the nighttime" as charged.

We are led to the conclusion that no question of fact was left for the jury to consider and that the defendant's motion for a directed verdict should have been granted. His second exception is therefore sustained.

In view of this conclusion it is unnecessary to consider the defendant's remaining exceptions.

The defendant's second exception is sustained, and the case is remitted to the superior court with direction to enter judgment for the defendant.

*J. Joseph Nugent,* Attorney General, *Carmine A. Rao,* Assistant Attorney General, for State.

*Leo Patrick McGowan,* Public Defender, *Eugene F. Toro,* Special Counsel to Public Defender, for defendant.